FILED
2007 Oct-15  PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| COMPASS FINANCIAL CORPORATION AND COMPASS BANK, | ) ) ) ) |
| **Plaintiffs,** | ) **Case No.: 2:07-CV-1543-VEH** |
| | ) |
| **v.** | ) ) |
| MARSHALL INVESTMENTS CORPORATION, et al., | ) ) ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

This case originated in the Circuit Court of Jefferson County on April 9, 2007. (Doc. #1 at Ex. E (Compl.)).  Defendants first removed the litigation on May 10, 2007.  (*See generally* 2:07-CV-00885-VEH ("*Compass I*") at Doc. #1).  On July 6, 2007, the case was remanded by the undersigned for lack of subject matter jurisdiction, primarily under the authority of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), due to an insufficient showing that the amount in controversy requirement was satisfied to support the exercise of diversity jurisdiction under 28 U.S.C. § 1332.  (*See generally Compass I* at Docs. #23, 24).  On August 22, 2007,

Defendants removed the lawsuit again to this court on the basis of diversity jurisdiction.  (Doc. #1).

The court has before it Plaintiffs' Motion to Remand (Doc. #5) filed on September 11, 2007, along with their supporting evidentiary materials filed under seal (Doc. #11) on September 18, 2007.  Defendants filed their opposition (Doc. #12) on September 27, 2007, and Plaintiffs filed their reply (Doc. #13) on October 1, 2007. Additionally, on September 17, 2007, the parties filed a Joint Statement of Stipulated Facts.  (Doc. #9).

The court held a hearing in this case on October 3, 2007, beginning at 1:00 p.m. in courtroom 6A of the Hugo L. Black United States Courthouse.  (Doc. #6 at 2).[1]  The issues framed by the court in its Scheduling Order were:

> (1) dates of service of the Complaint; (2) the date of the Notice of Removal; and (3) when and how Defendants were put on notice that Plaintiffs were seeking more than $75,000.00 in damages in this case.

(Doc. #6 at 2).  The only disputed issue by the time of the hearing was item (3) — the timing and context of the notice to Defendants that Plaintiffs were seeking in excess of $75,000 in this case.   As discussed more fully below, the court concludes that

---

[1]The court originally set the hearing as an evidentiary one (*see* Doc. #6 at 2); however, no new evidence was presented by either side during the hearing.  Instead, the parties presented argument based upon the evidence already contained in the court file.

Plaintiffs' Motion to Remand is due to be denied.

## II.     STATEMENT OF STIPULATED FACTS

Based upon their joint filing, the parties have agreed to the following set of stipulated facts:

1.      On April 9, 2007, the Plaintiffs filed their initial Complaint against Defendants under seal in the Circuit Court of Jefferson County, Alabama as Case No. CV 2007 001326.

2.      Marshall Investments Corporation; Marshall Financial Inc.; The Marshall Group, Inc.; and Marshall BankFirst Corp.  (together with Wiley H. Sharp, III, "the Marshall Defendants") first became aware of the Complaint on or about April 18, 2007, and the Marshall Defendants were formally served on May 7 and May 8, 2007.

3.      On April 9, 2007, CIT received informal notice that the Complaint had been filed.

4.      On April 11, 2007, counsel for Compass delivered a courtesy copy of the Complaint to CIT.

5.      Defendants were served with the Complaint as follows:

A.      Wiley Sharp was served on May 8, 2007;

B.      Marshall Investments Corporation was served on May 7, 2007;

3

      C.      Marshall Financial Inc. was served on May 7, 2007;

      D.      The Marshall Group was served on May 7, 2007;

      E.      Marshall BankFirst Corp. was served on May 7, 2007; and

      F.      CIT Group/Equipment Financing, Inc. ("CIT") was served on May 17, 2007.

6.      On May 10, 2007, CIT filed a Notice of Removal, and the case was removed to the United States District Court, Northern District of Alabama as Case No. 2:07-CV-00885-VEH.

7.      On May 10, 2007, CIT moved to file Plaintiffs' Complaint under seal.

8.      On May 17, 2007, this court entered an order permitting CIT to file Plaintiffs' complaint under seal.

9.      Defendants did not file Plaintiffs' complaint with this court, and did not attach Plaintiffs' complaint to the original removal petition or the amended removal petition (which was stricken).

10.      On June 4, 2007, the Marshall Defendants filed a Consent to and Joinder in the Removal filed by CIT.

11.      On June 8, 2007, Plaintiffs filed a Motion to Remand.

12.      On June 11, 2007, the Marshall Defendants filed a Response in Opposition to the Motion for Remand.

4

13.     CIT filed a Motion for Leave and Amended Notice of Removal on June 12, 2007.

14.     CIT also filed the amended notice of removal on June 12, 2007.

15.     On June 25, 2007, Plaintiffs filed a Response to the Motion for Leave to File Amended Notice of Removal and Motion to Strike Amended Notice of Removal.

16.     On June 27, 2007, the Marshall Defendants filed The Marshall Defendants' Brief in Opposition to Plaintiffs' Motion to Remand.

17.     On July 2, 2007, CIT filed a reply brief to Plaintiffs' Response to the Motion for Leave to File Amended Notice of Removal and Motion to Strike Amended Notice of Removal.

18.     On July 6, 2007, this court entered an memorandum opinion and also remanded the case back to the Circuit Court of Jefferson County, Alabama as Case No. CV 2007 001326 by order of the district court due to lack of subject matter jurisdiction.

19.     On July 10, 2007, the Marshall Defendants filed a Motion to Stay the state court action.

20.     On July 10, 2007, the Marshall Defendants served their First Set of Interrogatories on Plaintiffs.

5

21.     On July 10, 2007, the Marshall Defendants served their Requests for Admission on Plaintiffs.

22.     On July 16, 2007, CIT filed a Joinder in that Motion to Stay.

23.     On July 20th, the Marshall Defendants and CIT filed Motions to Dismiss.

24.     Plaintiffs filed an Opposition to the Motion to Stay on July 23, 2007.

25.     On July 26, 2007, the Honorable Judge Houston Brown, Circuit Court Judge for the Circuit Court of Jefferson County, Alabama, held a hearing on the Defendants' Motion to Stay.

26.     On August 9, 2007, Plaintiffs served their Responses to that First Set of Interrogatories.

27.     On August 9, 2007, Plaintiffs served their responses to the Requests for Admission.

28.     On August 16, 2007, Plaintiffs served amended responses to the Requests for Admissions.[2]

_____

[2]In their August 16, 2007 discovery response, Plaintiffs expressly "[a]dmitted" that their damages exceed $75,000, exclusive of interest and costs (and relatedly "[d]enied" that their damages are less than $75,000, exclusive of interest and costs). (*See* Doc. #9 at Ex. 25 at Responses to ¶¶ 1-2). Prior to August 16, 2007, Plaintiffs had neither admitted nor denied these particular requests for admission. (*See id.* at Ex. 24). Similarly, Plaintiffs' answers to interrogatories provided on August 9, 2007, did not state a sum certain as to their damages. (*See generally id.* at Ex. 23).

29.     On August 23, 2007, Defendants removed this action for a second time to the United States District Court, Northern District of Alabama as Case No. 2:07-CV-01543-VEH.[3]

30.     On September 11, 2007, Plaintiffs filed their Motion to Remand back to the Circuit Court of Jefferson County, Alabama alleging that Defendants' removal was not timely under 28 U.S.C. § 1447.

(*See generally* Doc. #9).

## III.   ANALYSIS

### A.     General Background on Subject Matter and Diversity Jurisdiction

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted).  "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of

---

[3]According to the court's records, Defendants actually "filed" their Notice of Removal on August 22, 2007, after 4:30 p.m. and the clerk "entered" the removal on August 23, 2007.  (Doc. #1).

limited federal power." *Id*. (internal citations omitted).  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

Defendants premise their removal upon this court's diversity jurisdiction.  28 U.S.C. § 1332 establishes the requirements for diversity jurisdiction and states in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

*Id.*

## B.     Amount in Controversy Requirement and Removal

"[W]hen Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001)

(citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)).  Today, the threshold amount in controversy for diversity jurisdiction, excluding interest and costs, is $75,000.  28 U.S.C. § 1332.

A removing defendant bears the burden of proving the existence of federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000) ("For reasons we will soon discuss, we conclude that *Tapscott*'s holding about aggregation of punitive damages is inconsistent with the earlier holding on the same legal issue in *Lindse*y, and accordingly we must follow *Lindsey*."); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery*, 483 F.3d at 1211.

In assessing the propriety of removal, "the court considers the documents received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d at 1211.  In *Lowery*, the Eleventh Circuit was at a loss to determine

by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available. *Id*. at 1210.

Finally, consistent with Eleventh Circuit precedent, if any uncertainty exists as to a district court's removal jurisdiction, they are resolved in favor of remand. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").

### C.    Procedural Requirements on Removal and Remand

28 U.S.C. § 1446(b) sets forth the time limitations pertaining to removal:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id.* The removing defendant "has the task of proving to the court that the removal

was timely." *Crews v. National Boat Owners Ass'n*, No. 2:05-CV-1057-MEF, 2006 WL 902269, *1 (M.D. Ala. Apr. 6, 2006).

Relatedly, 28 U.S.C. § 1447(c) sets forth the procedures for filing a motion to remand:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

*Id.*

### D.    Application

Defendants maintain, relying upon *Lowery*, that the original complaint filed in this case was insufficient to put them on notice that the case was removable because it lacks an unambiguous statement of damages sought against them by Plaintiffs.  In particular, Defendants point to the lack of any specific demand for damages within the complaint and the court's first opinion in *Compass I* remanding the litigation for lack of subject matter jurisdiction based upon the *Lowery* decision.  Defendants connect their second removal to Plaintiffs' August 16, 2007 response to requests for admission in which they admit that the amount in controversy requirement is

11

satisfied.  Plaintiffs challenge the timeliness of Defendants' second removal tied to their receipt of Plaintiffs' amended discovery responses on the grounds that Defendants knew, thirty (30) days prior to August 22, 2007, that Plaintiffs were claiming damages in excess of the jurisdictional minimum in this case.

Plaintiffs argue that remanding this case again to Jefferson County is appropriate for essentially two reasons.  First, Plaintiffs maintain that the initial pleading in this litigation put Defendants on notice that the case satisfied the amount in controversy requirement and was properly removable thirty (30) days before August 22, 2007.  Alternatively, Plaintiffs opine that even if the complaint was insufficient to trigger removability, then "other paper" made the lawsuit removable thirty (30) days before August 22, 2007.  Therefore under either scenario, as Plaintiffs contend, Defendants' second removal to this court is untimely under § 1446(b), and the case is due to be remanded on the basis of a procedural defect pursuant to § 1447(c).  The court addresses each of Plaintiffs' positions in turn.

> **1.    Plaintiffs' Complaint  does not unambiguously establish satisfaction of the amount in controversy requirement.**

Turning to the complaint, Plaintiffs' prayers for relief do not include a specific monetary demand.   Regardless, Plaintiffs respond that the entirety of the allegations of the complaint establish the amount in controversy requirement.

In particular, Plaintiffs contend that Count VII for the "rescission of the lease participation agreement and all monies returned" in which Compass allegedly invested 15 million dollars (Doc. #1 at Ex. E ¶¶ 92, 19) and the statements that "Marshall has forwarded invoices in excess of $350,000 to Compass already for these efforts, despite the lack of compliance with the contract documents" pertaining to Count VIII for declaratory relief  and  "Marshall agreed to 'indemnify and hold harmless' Compass 'in connection with any losses . . .'" relating to Count V for breach of contract, make it clear that the amount in controversy requirement of $75,000 has been met.  (Doc. #1 at Ex. E ¶ 96; *id.* ¶ 82).  Plaintiffs also argue that their allegations about joint and several liability pertaining to their  fraud claims mean, based upon the complaint alone, Defendants could have ascertained that the case was removable.  The court disagrees.

The complaint, by itself, does not provide the requisite level of certainty that *Lowery* calls for to show concretely the amount in controversy.   Instead, Plaintiffs' complaint only contains vague assertions about their investments and losses without quantifying to any degree of reasonable certainty, the amount for which they intend to hold Defendants responsible.[4]  Therefore, Defendants are correct that there is very

---

[4]By way of example only, in paragraph 96 of the complaint, while Plaintiffs state that "Marshall has forwarded invoices in excess of $350,000 to Compass" their related prayer for relief does not ask for a declaration that Plaintiffs not be held

little added, if anything, by way of the actual complaint than what Defendants had

previously summarized Plaintiffs' allegations to be in the uncontested statement set

forth in the original removal petition in *Compass I*.[5]   Accordingly, even if the

complaint had been included in *Compass I*, the court would still have been in the

position of having to guess whether the amount in controversy requirement was

satisfied.   This very type of speculation is impermissible in light of the *Lowery*

decision; instead, the court must be in a position to meaningfully apply the

preponderance of evidence standard.   *Id.*, 483 F.3d at 1210 ("We note, however, that

_____

responsible for these invoice amounts.  (Doc. #9 at Ex. 1 at 35-36).  Instead, Plaintiffs
seek a declaration on "full information on any recovery efforts" and Defendants'
"compl[iance] with the contractual requirements of requesting and obtaining the
consent of such participants" before incurring "expenses under such agreements[.]"
*Id.*

   [5]Plaintiffs point out that they never challenged Defendants' statement in the
*Compass I* removal petition that the amount in controversy had been met, but
consistent with *Lowery*, the court has a duty to assess the satisfaction of this
requirement independent from what is asserted in the removal papers, even if it is
undisputed.   *See, e.g., Lowery*, 483 F.3d at 1213 n.63 ("We think it highly
questionable whether a defendant could ever file a notice of removal on diversity
grounds in a case such as the one before us-where the defendant, the party with the
burden of proof, has only bare pleadings containing unspecified damages on which
to base its notice-without seriously testing the limits of compliance with Rule 11.");
*cf. Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921) ("[I]f the plaintiff
does not take issue with what is stated in the petition, he must be taken as assenting
to its truth, and the petitioning defendant  need not produce any proof to sustain it.")
(citation omitted).

in situations like the present one-where damages are unspecified and only the bare pleadings are available-we are at a loss as to how to apply the preponderance burden meaningfully."); *see also Leonard*, 279 F.3d at 972 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.") (citation omitted).   Therefore, the complaint does not satisfy the *Lowery* unambiguous amount in controversy standard.

> ### 2.      The other documents relied upon by Plaintiffs are insufficient to show untimeliness in Defendants' second removal.

Consistent with the above analysis, because the complaint does not provide adequate substantiation of the amount in controversy requirement, this means that Defendants' latest removal on August 22, 2007, is timely, so long as no "other paper" provided Defendants with the requisite amount in controversy information prior to Plaintiffs' amended responses to requests for admission.[6]   In addition to the

---

[6]As *Lowery* explains regarding the meaning of "other paper":

> What constitutes "other paper," however, has been developed judicially. Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions, *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989)[.]

483 F.3d at 1213 n.62 (other citations omitted).

allegations of the complaint, Plaintiffs did offer other documents in an effort to show that Defendants were on notice that the amount in controversy had been met.  These records, attached to the affidavit of Keely McGee, include (1) the written contract between Compass and Marshall; (2) the appraisal report received from counsel for Marshall; (3) the proof of claim and attachments sent by Marshall; (4) the February 14, 2007 invoice to Compass from Marshall; (5) the January 2007 budget from CIT; (6) the Sales Agency Agreement; and (7) the June 19, 2007 letter from Marshall to Compass.  (*See generally* Doc. #11).

As discussed during the hearing, none of the above evidence was received by Defendants from Plaintiffs.  "Binding precedent from this circuit [] has indicated that 'other paper' within the meaning of this code provision requires a voluntary act by the plaintiff."  *See Crews*, 2006 WL 902269, at *4 (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)).[7]

Similarly, this type of documentation is insufficient under the *Lowery* unambiguous amount in controversy standard.  Instead, as *Lowery* expressly states "under § 1446(b), in assessing the propriety of removal, the court **considers the document received by the defendant from the plaintiff-be it the initial complaint**

_____

[7]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**or a later received paper-**and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d at 1213 (footnote omitted) (emphasis added); *see also id.* at n.63 ("Under either paragraph [of § 1446(b)], the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.") (citations omitted). Moreover, consistent with *Lowery*'s interpretation of § 1446(b), the statute itself clearly contemplates that any "other paper" relied upon to trigger removability must be received by the defendant. *See* 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days **after receipt by the defendant**, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]") (emphasis added).

    As an alternative, Plaintiffs argue that it is appropriate for the court to consider the investment agreement and the invoices referenced in the complaint as incorporated documents relevant to the amount in controversy evaluation. However, even accepting Plaintiffs' position that the inclusion of these materials is permissible when assessing amount in controversy, because these particular records do not unambiguously establish what the amount in controversy is, they do not provide a sufficient basis "from which it may first be ascertained that the case is one which is

17

or has become removable[.]"  28 U.S.C. § 1446(b).  Therefore, the thirty (30) day period to file a timely removal did not begin to run with the filing of Plaintiffs' complaint even factoring in the referenced documents as incorporated parts of the original pleading.

For example, these documents are significantly different from the employment agreement at issue in *Sauer-Danfoss, Inc. v. Hansen*, No. 04 C 3145, 2004 WL 1921023 (N.D. Ill. Jul. 9 2004), relied upon by Plaintiffs, because "the Agreement [in *Sauer*] specified that, in the event of a breach, the Defendant was required to pay immediately all of the moneys he had received under the agreement" and also "set forth an annual salary for Defendant of more than $300,000."  *Id.*, at *3. Accordingly, because the defendant in *Sauer* had "allegedly breached the Agreement nine months into its term, the amount of salary at issue was well over $75,000."  *Id.* In sharp contrast, the investment agreement and invoices do not have a specific damages provision and regardless do not adequately establish that Plaintiffs are clearly claiming damages in excess of $75,000 in this case.  Therefore, it was not until Defendants received unambiguous information from Plaintiffs through the course of discovery upon remand to the state court in *Compass I*, that their time to remove pursuant to § 1446(b) began to run, and under that scenario, Defendants' second removal is timely.  *See TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d

18

1307 (M.D. Ala. 2002) ("Section 1446(b) can allow a second removal . . . . The plain language of the statute is that there must be *receipt* by the defendant of something, from which the defendant *first* may ascertain that the case is removable."); *see also Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999) ("A premature removal may lead to a perfectly justified remand; but when matters change-for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount-the case may be removed, provided only that it is less than one year old.").[8]

### E. Plaintiffs' Request for Attorney's Fees and Costs

In light of the court's decision to deny Plaintiffs' Motion to Remand, Plaintiffs' request for attorney's fees and costs is due to be denied as moot.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand is **DENIED**, and their related request for attorney's fees and costs is **DENIED** as **MOOT**.

---

[8]Plaintiffs' reliance upon *Crews* to show that remand is appropriate in this lawsuit is not persuasive. First, *Crews* does not involve an analysis of the amount in controversy requirement; instead the decision addresses the timeliness of removal in the context of when the defendants could intelligently ascertain that diversity of citizenship existed. *Id.*, 2006 WL 902269, at *1-2; *see id.* at 1 ("Because the court concludes that the removal was not timely filed, it need not, and will not, address the amount in controversy."). Second and regardless, the *Crews* decision is a district court decision and predates the Eleventh Circuit's binding opinion in *Lowery*.

**DONE** and **ORDERED** this 15th day of October, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge