# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COMPASS FINANCIAL CORPORATION AND COMPASS BANK,  Plaintiffs,  v.  MARSHALL INVESTMENTS CORPORATION, et al.,  Defendants. | Case No.: 2:07-CV-1543-VEH |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

The court has before it Plaintiffs' Motion for Reconsideration Or in the Alternative for an Order for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal (Doc. #15) (the "Motion") filed on October 29, 2007. Defendants filed their opposition (Doc. #17) on November 19, 2007. On November 30, 2007, Plaintiffs filed their reply. (Doc. #21). As explained below, Plaintiffs' Motion is due to be and is **HEREBY GRANTED IN PART** and **DENIED IN PART**.

### II. BACKGROUND

Plaintiffs' Motion pertains to the court's prior memorandum opinion and order

(Doc. #14) entered on October 15, 2007, denying their Motion to Remand (Doc. #5) on the basis of the Eleventh Circuit's decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).  In their Motion, Plaintiffs ask this court to reconsider its decision denying their Motion to Remand and request an order remanding this case back to the Circuit Court of Jefferson County, Alabama.  Alternatively, Plaintiffs ask this court to certify its decision denying their Motion to Remand for an immediate appeal pursuant to 28 U.S.C. § 1292(b).

### III. APPLICABLE STANDARDS

#### A. Motion for Reconsideration

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003);[1] *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[Li]tigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted).  Indeed,  as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an

---

[1] District court decisions, even from this district, are not controlling authority, but rather are persuasive authority for this court to consider.

intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003); *see also Rossi v. Troy State Univ.*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."); *Lazo v. Washington Mutual Bank*, No. CV-99-00985-IEG, 2001 WL 577029, at *1 (9th Cir. May 29, 2001) (recognizing that motion to reconsider is properly denied when record shows that movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, No. 01-3752, 2003 WL 463493, at *3 (6th Cir. Feb. 19, 2003) (similar); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Likewise, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider when movant advances several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001)

(similar);[2] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999) (same).

### B. Interlocutory Appeal Under § 1292(b)

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

In discussing the permissible scope of this statute, "[t]he Eleventh Circuit has couched § 1292(b) interlocutory appeal as a 'rare exception' to the general premise that the great bulk of appellate review must be conducted after final judgment." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1192 (S.D. Ala. 2007) (quoting *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1274 (11th Cir. 2004)). Furthermore, "'[b]ecause permitting piecemeal appeals is bad policy, permitting liberal use of §

---

[2]This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

1292(b) interlocutory appeals is bad policy.'" *Gipson*, 511 F. Supp. 2d at 1193 (quoting *McFarlin*, 381 F.3d at 1259).

## IV. ANALYSIS

As to the primary demand sought by Plaintiffs' Motion, the court has reconsidered its memorandum opinion and order denying Plaintiffs' Motion to Remand and has determined that it was correctly decided in the first instance. "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that the document must be 'unequivocally clear and certain'))." *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007). In this case, the operative document unequivocally establishing the existence of the jurisdictional minimum was Plaintiffs' amended responses to Defendants' requests for admission.[3] Accordingly, Plaintiffs' initial request that the court reconsider its decision denying their Motion to Remand and remand the lawsuit to state court is **GRANTED** as to reconsideration, but **DENIED** as to the relief sought (*i.e.*, the case will remain in federal court).

As to the suggested alternative avenue of an interlocutory appeal, the court

---

[3] (*See* Doc. #1 at Ex. D at Responses to ¶¶ 1-2).

concludes, in its discretion, that there is no legal question that is not clearly established to certify other than issues that might be raised in the *Lowery* appeal itself. Moreover, this case is not a basis for a collateral appeal of *Lowery*, which decision is already before the Eleventh Circuit *en banc*. Accordingly, Plaintiffs' secondary relief that the court certify its decision denying their Motion to Remand for an immediate appeal pursuant to § 1292(b) is **DENIED**.

### V.  CONCLUSION

Therefore, based upon the foregoing reasoning, Plaintiffs' Motion is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**DONE** and **ORDERED** this the 13th day of December, 2007.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge