# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COMPASS FINANCIAL CORPORATION AND COMPASS BANK, ] ] ] ] | |
| Plaintiffs, ] ] | |
| v. ] ] | Case No.:  2:07-CV-1543-VEH |
| MARSHALL INVESTMENTS CORPORATION, et al., ] ] ] ] | |
| Defendants. ] | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Plaintiffs Compass Financial Corporation and Compass Bank (collectively sometimes called "Compass") bring this investment contract case against six (6) Defendants: (1) Marshall Investments Corporation ("MIC"); (2) Marshall Financial, Inc. ("MFI"); (3) The Marshall Group ("TMG"); (4) Marshall BankFirst Corp. ("MBFC") (MIC, MFI, TMG, and MBFC are collectively sometimes called the "Marshall Entities"); (5) Wiley H. Sharp, III ("Sharp") (Sharp and the Marshall Entities are collectively sometimes called the "Marshall Defendants"); and (6) CIT Group/Equipment Financing, Inc. ("CIT").  (Doc. #1 at Ex. E (Compl.)).

The pending motions are: (1) the Marshall Defendants' Motion to Dismiss

(Doc. #18 (including the initial brief as an attachment)) filed on November 28, 2007; and (2) CIT's Motion to Dismiss (Doc. #23) and supporting brief (Doc. #24) filed on December 4, 2007. Plaintiffs filed their respective oppositions (Docs. #28, #30) on January 14, 2008.[1] The Marshall Defendants and CIT filed their reply briefs (Docs. #33, #34) on February 8, 2008. As discussed more fully below, both motions to dismiss are due to be and are **HEREBY GRANTED IN PART** and **DENIED IN PART**.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Compass Financial Corporation is a wholly owned subsidiary of Compass Bank that provides lease financing services to both individuals and commercial entities. Compass has sued Defendants for alleged misrepresentations, suppressions, acts and omissions that induced it to invest over $15 million in a beverage bottling company, Le*Nature's, Inc. ("Le*Nature's"), whose financial information was allegedly grossly inflated. More specifically, Compass agreed to invest approximately $15 million as part of a complex deal to lease equipment to Le*Nature's for a new plant that was opening to serve Le*Nature's preexisting and

---

[1]Doc. #30 is listed on the docket sheet as Plaintiffs' amended response to CIT's Motion to Dismiss and evidently was filed to replace Doc. #29, which was also dated January 14, 2008. The only difference between Doc. #30 and Doc. #29 appears to be that the certificate of service page has been corrected in Doc. #30. No objections have been raised as to this replacement filing by Plaintiffs.

growing business in the western region of the United States.

TMG specializes in the placement and servicing of commercial loans to lenders nationwide. TMG, with the assistance of MIC and MFI, originates financing deals (such as leases or loans) and in turn sells interests in those leases or loans to banks such as Compass.

Sharp was an employee of TMG who worked on the Le*Nature's lease financing. MBFC is a bank holding company. CIT specializes in equipment financing and leasing for middle-market domestic companies.

Plaintiffs seek recovery against Defendants for losses suffered relating to the Le*Nature's lease equipment investment agreement (the "Participation Agreement") which Compass entered into with MIC as of April 15, 2005. Plaintiffs' complaint contains nine (9) separate counts: Count I (asserted against the Marshall Entities, Sharp, and CIT) is for fraudulent, negligent, and/or innocent [mis]representations - initial agreement; Count II (asserted against all Defendants) is for fraudulent suppression and failure to disclose - initial agreement; Count III (asserted against the Marshall Entities and CIT) is for fraudulent, negligent, and/or innocent [mis]representations - draws; Count IV (asserted initially against Defendants; later only CIT and Marshall are referenced) is for fraudulent suppression and failure to disclose - draw[s]; Count V (asserted initially against Marshall; subsequently

Defendants and the Marshall Entities) is for breach of contract; Count VI (asserted against the Marshall Entities, CIT and Sharp) is for negligence/wantonness; Count VII (asserted against the Marshall Entities) is for rescission; Count VIII (asserted against Marshall and CIT) is for declaratory relief; and Count IX (asserted against all Defendants) is for unjust enrichment.

The Marshall Defendants seek a dismissal of all claims against Sharp and against the Marshall Entities in their Motion to Dismiss. As an alternative to a complete dismissal of all claims, the Marshall Defendants maintain that MIC is the only proper party to the contract-related claims. CIT specifically seeks a dismissal of Counts I, II, III, IV, and VI only. (Doc. #24 at 41).

### III. STANDARD ON MOTION TO DISMISS

"In an ordinary civil action, the Federal Rules of Civil Procedure require only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting Fed. Rule Civ. Proc. 8(a)(2)). "Although the rule encourages brevity, the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs*, 127 S. Ct. at 2507 (citing *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted)).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). A motion to dismiss under 12(b)(6) should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1964-65. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). However, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S. Ct. at 1969.

## IV.   ANALYSIS

### A.   Marshall Defendants' Motion to Dismiss

#### 1.   Fraud Claims

The Marshall Defendants primarily rely upon *Landale Enterprises, Inc. v. Berry*, 676 F.2d 506 (11th Cir. 1982), in support of dismissing Plaintiffs' fraud claims. *Landale* involved a claim of fraudulent inducement, *i.e.*, misrepresenting

annual net income, relating to a contract that unequivocally disclaimed the buyer's reliance upon any representations from the sellers:

> It is agreed that the buyer has thoroughly examined the property to be conveyed and relies solely on his own judgment in making this agreement to purchase, and that there are no agreements, understandings or representations made either by seller, broker, or broker's representative that are not set forth herein.

676 F.2d at 507. Additionally, the buyer (against whom enforcement of the provision was sought) drafted the agreement. *Id.* at 508.

The disclaimer relied upon in this case states:

> It [*i.e.*, Compass] has, without reliance on Co-Lessor [*i.e.*, MIC], any other Financing Provider or the directors, officers, agents, employees or attorneys of Co-Lessor, and instead in reliance upon information supplied to it by or on behalf of the Obligor and upon such other information as Participating Lessor has deemed appropriate, made its own independent credit analysis and decision to purchase its Participation Interest in the Financing;

(Doc. #11 at Ex. E § 3.1(c)). Therefore, similar to the *Landale* contract, the Participation Agreement attempts to disclaim Compass's consideration of representations made by MIC (*e.g.*, "without reliance on [MIC]"). However, this limiting language is followed by an acknowledgment of Compass's reliance upon information "supplied to it by <u>or on behalf of [Le*Nature's]</u> and upon such other information as [Compass] deems appropriate." (emphasis added). This phrase could arguably include information that MIC (or other defendants) supplied to Compass on

6

behalf of Le*Nature's. Additionally, unlike *Landale*, there is no indication that Compass drafted the agreement. Regardless, Compass's role, if any, in drafting the Participation Agreement is an evidentiary issue more suitably dealt with on summary judgment, not on a Rule 12(b)(6) motion.

Therefore, this "on behalf of" contradictory language makes the clause unclear and leaves open the issue of fraudulent inducement. As explained in *Landale*:

> Alabama courts have not dealt with this type of specific disclaimer provision. The clarity of this clause materially distinguishes this case from those cases dealing with a general, vague clause used by plaintiff to support its position. Were we dealing with the latter type clause, the fundamental principle that a general merger clause is ineffective to exclude parol evidence to show fraud in inducing the contract would control the case. *See Stanard Tilton Milling Co. v. Mixon*, 243 Ala. 309, 9 So. 2d 911, 913 (1942); *Alabama Machinery & Supply Co. v. Caffey*, 213 Ala. 260, 104 So. 509, 511 (1925).

676 F.2d at 507-08.

The Marshall Defendants also support dismissing the fraud claims based upon *Bank of the West v. Valley Nat'l Bank of Ariz.*, 41 F.3d 471, 478 (9th Cir. 1994) and some other non-binding cases. While acknowledging that *Bank of the West* is a summary judgment decision, the Marshall Defendants maintain that this should not prevent the court from relying upon it in support of the Rule 12(b)(6) motion. Even if a Rule 56 dismissal may, at times, persuasively support a Rule 12(b)(6) motion, reliance upon a summary judgment decision from another jurisdiction, without

explaining why the fraud in the inducement law as analyzed in *Bank of the West* (or any other non-binding opinion) is comparable to Alabama law on fraud in the inducement at the Rule 12 stage, far from mandates a dismissal by this court.

The remaining arguments made by the Marshall Defendants in support of a dismissal of the fraud claims are not persuasive and/or are premature. Under such circumstances, the Marshall Defendants have not met their Rule 12(b)(6) burden.

### 2. Negligence and Wantonness

The Marshall Defendants seek a dismissal of the negligence and wantonness claims on the same bases as the fraud claims. Similarly, their efforts to obtain such a dismissal are either unpersuasive and/or premature.

### 3. Breach of Contract

The breach of contract claim should survive against MIC alone as it is the only defendant who is also a party to the Participation Agreement. (Doc. #111 at Ex. 3 at 2). A breach of contract requires a valid agreement between the parties. *See Comm. Assocs., Inc. v. Work Connection, Inc.*, 712 N.W.2d 772, 782 (Minn. App. 2006).[2] Therefore, dismissal of Count V is appropriate for MFI, TMG, MBFC, and Sharp.

---

[2] The Participation Agreement is governed by Minnesota law. (Doc. #111 at Ex. 3 § 8.4).

### 4. Declaratory Relief and Rescission

Declaratory relief should also be limited to MIC because Compass seeks the declaration of rights under the Participation Agreement. Likewise, Compass's rescission claim pertaining to the Participation Agreement applies only to MIC. Therefore, dismissal of Counts VII and VIII is appropriate for MFI, TMG, MBFC, and Sharp.

### 5. Sharp as a Party

Sharp is due to be dismissed from the breach of contract, declaratory relief, and rescission counts. However, until the record is more developed, the court cannot determine as a matter of law whether any oral representations made by Sharp were mere inactionable puffery, as argued by the Marshall Defendants. Therefore, a dismissal of the fraud claims against Sharp is premature.

### 6. Unjust Enrichment

Puzzlingly, after the Marshall Defendants acknowledge that the Participation Agreement is governed by Minnesota law, they cite to Alabama law in a footnote as a basis for dismissing the unjust enrichment claim because of the existence of an express contract without any explanation why Minnesota law would not instead control as unjust enrichment is contract-based. This argument needs to be developed further and does not meet the Marshall Defendants' Rule 12(b)(6) burden.

Additionally, the Participation Agreement is an express contract between Compass and MIC only; therefore, unjust enrichment potentially survives against the other defendants. At a minimum, the Marshall Defendants have given no authority to show why the unjust enrichment claims do not survive against the non-signatory defendants to the Participation Agreement.

    **B.**    **CIT's Motion to Dismiss**

        **1.**    **Fraudulent Inducement Claims**

Pointing to language contained in the Information Memorandum and the Participation Agreement, CIT makes a very similar argument to that of the Marshall Defendants on Compass's fraud in the inducement claims. CIT's argument fails for the reasons explained above regarding the Marshall Defendants' argument on this point.

Additionally, the fact that the Information Memorandum states that the "Recipient [*i.e.*, Compass] will not consider the Material [*i.e.*, the Information Memorandum] as a recommendation by Marshall to participate in the Financing" and includes other similar limiting language is insufficient to establish entitlement to a Rule 12(b)(6) dismissal. More specifically, the Information Memorandum is not a signed agreement and does not appear to be incorporated as part of the Participation Agreement. Furthermore, the Participation Agreement contains a merger clause.

Regardless, CIT has not explained how to reconcile the limiting language of the Information Memorandum with the Participation Agreement's more ambiguous wording of "and instead in reliance upon information supplied to it <u>by or on behalf of the Obligor</u> and upon such other information as Participating Lessor has deemed appropriate[.]" (emphasis added). Therefore, the record requires further development on the issue of whether as a matter of law it would have been unreasonable for Compass to have relied upon the alleged misrepresentations based upon the limiting/representation language of the Information Memorandum and the Participation Agreement.

### 2. Fraudulent Suppression Claims

On Compass's fraudulent suppression claims, CIT points out that Compass has failed to plead facts that satisfy the elements to these claims, including a duty to disclose and on what basis this duty exists (*i.e.*, based upon a confidential relationship between the parties or based on the particular circumstances of the case). CIT is correct that these fraudulent suppression claims should be dismissed with the opportunity to replead because on their face they fail.

In fact, an order requiring a repleading of all fraud claims is beneficial because currently they are loosely asserted against "Defendants" and/or the "Marshall Entities" without identifying the actual party and other relevant circumstances with

any degree of specificity. Also, even within the fraud counts, there is lack of clarity as sometimes the count states "Defendants", and then only references "Marshall" and "CIT." Other times it is unclear if "Marshall" is being used as the equivalent of the group of "Marshall Entities" or an indication of a particular one (*i.e.*, MIC) of the "Marshall Entities." The Eleventh Circuit frowns upon the practice of permitting shotgun pleadings and recently admonished some attorneys and the district court presiding over the case about failing to cure the deficient pleadings at the onset of the litigation. *See Davis v. Coca-Cola Bottling Co. Consol., Consol.*, No. 05-12988, 2008 WL 314962, *12 & n.54 (11th Cir. Feb. 6, 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years, long before this lawsuit was filed.").[3]

---

[3]*Davis* footnote 54 gives numerous examples of Eleventh Circuit anti-shotgun references and states in full:

> *See, e.g., United States ex el. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006); *Ambrosia Coal and Constr. Co. v. Morales*, 368 F.3d 1320, 1330 n.22 (11th Cir. 2004); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 nn.9-10 (11th Cir. 2002); *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001); *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001); *BMC Indus., Inc.* v. *Barth Indus., Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Ibrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162 *passim* (11th Cir. 1997); *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty.*

CIT also argues that because the fraudulent suppression claims are tied to the Participation Agreement and because CIT is not a party to it, Compass cannot maintain a viable suppression claim based upon a non-existent contractual duty for CIT to make disclosures to Compass. At most, CIT argues, it had a duty to communicate with MIT, and Compass has failed to allege facts that would establish potential liability to Compass based upon that duty. Therefore, a restatement of the fraud claims is appropriate.

### 3. Negligence and Wantonness

Citing to a summary judgment decision, CIT argues that the negligence and wantonness count is due to be dismissed for the same reasons that the fraudulent suppression ones against it do not survive: CIT had no duty to perform in a non-negligent manner under the Participation Agreement because it was not a party to that agreement. *See Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 343

---

*Coll.*, 77 F.3d 364, 366-367 (11th Cir. 1996); *Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1567 (11th Cir. 1995); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir. 1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1543-44 n.14 (11th Cir. 1986) (Tjoflat, J., dissenting). This list is just a teaser – since 1985 we have explicitly condemned shotgun pleadings upward of fifty times.

*Davis*, 2008 WL 314962, *12 n.54.

(Ala. 1993). However, CIT's reliance upon *Pate* is taken out of context. More specifically, *Pate* expressly states that Alabama recognizes that "[a] duty can arise when a person having no duty to act on another's behalf voluntarily does so." *See Pate*, 628 So. 2d at 343 (citing *Palomar Insurance Corp. v. Guthrie*, 583 So.2d 1304, 1306 (Ala. 1991)). Summary judgment was granted in *Pate*, not because a cause of action for negligent performance under a contract by a nonparty does not exist as a matter of Alabama law, but rather because "[e]ven if Rollison assumed such a duty, however, Pate has offered no substantial evidence of a breach of that duty." *Pate*, 628 So. 2d at 343. Therefore, a dismissal of the negligent/wantonness claims against CIT is not appropriate under Rule 12(b)(6).

### 4. Remaining Claims

CIT did not seek a dismissal of Count V for breach of contract or Count VII for rescission, neither of which was specifically asserted against it by Compass. Count VIII for declaratory relief is asserted against Marshall and CIT, but CIT did not include that count in its motion. Similarly, CIT did not seek dismissal of Count IX for unjust enrichment, which Compass has asserted against Defendants generally.

## V. CONCLUSION

Therefore, based upon the foregoing reasoning, Defendants' Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**. More specifically, all

fraud claims (Counts I, II, III, and IV) are due to be dismissed on the basis of Rule 9, and Compass is **ORDERED** to replead them with specificity as to particular parties, omitting generalizations, curtailing any obvious overreaching through shotgun pleading, and including all factual allegations necessary to support the *prima facie* elements. In repleading fraud, Compass should refrain from lumping any of the defendants together. Instead, each fraud claim as to each singular defendant needs to be pled separately as subsections within the applicable fraud counts.

Breach of contract (Count V) and rescission (Count VII) are **DISMISSED** against all the defendants with the exception of MIC. Both motions to dismiss are **DENIED** as to negligence and wantonness (Count VI) as to all parties.

The claim for declaratory relief (Count VIII) remains undisturbed. The only defendants referenced within the count are Marshall (*i.e.*, MIC) and CIT. CIT has not moved to dismiss this count.

The Marshall Defendants' motion to dismiss the unjust enrichment claim is **DENIED**. CIT did not move to dismiss this count.

Accordingly, Compass is **ORDERED**, within eleven (11) days of the entry date of this order to (1) replead its fraud claims; (2) avoid shotgun pleading as to all counts; and (3) otherwise refile its complaint consistent with the court's rulings on the motions to dismiss. The court requires that these deficiencies be corrected by

means of an Amended Complaint which must be complete in and of itself - that is, it cannot incorporate by reference any portion of its original Complaint.

**DONE** and **ORDERED** this the13th day of March, 2008.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge